## COTTON v. BURKELMAN.

(Superior Court of New York City, General Term.   January 3, 1893.)

1. TESTAMENTARY POWERS—LAPSE—DEATH OF BENEFICIARY.

Where a will devises all of testator's land to his wife, in lieu of dower, for her own use and support during life, and on her death to an adopted daughter and her heirs, a power in the will authorizing the wife to sell the land, and invest the proceeds for the benefit of the adopted daughter, does not lapse by the death of the daughter, leaving issue surviving, during the lifetime of the wife, since the power is not given exclusively for the benefit of the daughter, but also for that of the wife. Hetzel v. Barber, 69 N. Y. 1, distinguished.

2. SAME—POWER COUPLED WITH AN INTEREST.

Since the wife has a life estate in the land, the power of sale is a power coupled with an interest, and for that reason, also, it does not lapse by the death of the adopted daughter during the wife's lifetime.

Appeal from special term.

Action by Margaret Cotton against Christina Burkelman to enforce specific performance of a contract for the sale of land. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Thomas McAdam, for appellant.

H. R. Squier, for respondent.

FREEDMAN, J.   This action is brought for the specific performance of a contract for the conveyance of certain real estate in the city of New York, made between the plaintiff and the defendant. The defendant refused to take title to the said real estate and complete the said contract, on the ground that the plaintiff had no ownership of the said land, other than a life estate therein, and no power, as executrix of the will of German Cotton, deceased, to convey the fee of the said premises. The issues were tried, and the judgment rendered sustains the contention of the defendant.

The substantial facts, as admitted by both sides, are as follows: German Cotton, who died on the 9th day of March, 1883, seised of the premises in question, left a will, in and by which he gave to his wife, Margaret Cotton, the plaintiff in this action, in lieu of dower, all of his property, both real and personal, "to be enjoyed by her, to her own use, during her natural life;" and upon her death he gave all of his estate to their adopted daughter, Mary E. Cotton, and to her heirs and assigns, forever. He appointed his wife, Margaret Cotton, sole executrix of his will, with full power to sell and dispose of all or any of his estate, as in her judgment might seem best, and to invest the proceeds of the sales, as she might deem best, for the benefit of their said adopted daughter, Mary E. Cotton. After the death of the testator, Mary E. Cotton married George Talbot, by whom she had one child, and thereafter she died, leaving that child her surviving. The child is still living. The contract in question was made after the death of Mary E. Cotton.

Upon these facts, the specific objection made by the defendant at the trial was that the death of Mary E. Cotton deprived the executrix of the

power of selling the property under the authority given in the will, for the reason that, the beneficiary under that power having died, the power lapsed. The learned judge below, in his findings and decision, sustained the objection, but in this I think he erred. The objection would be valid if Mary E. Cotton had been intended to be the sole beneficiary, under the power given. In that event the case at bar would fall within the principle laid down in Hetzel v. Barber, 69 N. Y. 1, and other similar cases, in which it was held that when a power is given by will to sell land for a specific purpose, if the object is accomplished or ceases before a sale, the power to sell also ceases. This doctrine is firmly settled, but it does not apply here. The intention of the testator must be gathered from the whole will and the surrounding circumstances. The property was given by the testator to his wife, in lieu of dower, for her own use and support during her life. She is not only to have the whole use and benefit of it as long as she lives, but she is not required to keep it in or as land. She is expressly authorized to sell it and convert it into money or other securities. The reason is quite apparent. The mere use of the land might not at all times furnish a support to her. Suppose the buildings should be destroyed by fire, and the lots become vacant in consequence thereof, and in that condition yield no income. In such a case the widow might not be able to build, for the short or uncertain time that she can have the use of the land, and yet she would be required, as life tenant, to keep down the taxes. The power cannot be construed, therefore, as given for the benefit of Mary E. Cotton, exclusively. The authority is to sell, first, and then to invest the proceeds in any way that, in plaintiff's judgment, may best benefit Mary E. Cotton; and, the power of sale having been intended to be exercised for the benefit of both the plaintiff and Mary E. Cotton, it did not lapse by reason of the death of the latter.

Moreover, the power in this case is coupled with an interest. The plaintiff is the devisee of a life estate in the land, and as such she has an interest in the land, under the will. She is to have, during her life, the use of the land, and the income which may be derived from it, and in case of a sale she is to have the proceeds of the sale, instead of the land, and the use and income thereof. Being thus coupled with an interest, the power, for that reason, survives the death of Mary E. Cotton.

In every aspect, therefore, that can be properly taken, the fee taken by Edwin Talbot, as the child and heir at law of Mary E. Cotton, to the premises in question, under the devise to her, is liable to be defeated by the exercise of the power conferred by the will upon the plaintiff. For the foregoing considerations, the conclusion is unavoidable that the merits of the present controversy have been determined upon an erroneous theory, and that this constituted error.

No point was made below, or upon this appeal, predicated upon the fact that the contract in this case was executed by the plaintiff, and the action upon it brought by her in her individual capacity, exclusively; and it seems to have been assumed by both parties, as well as the trial judge, that in this respect plaintiff's right to the relief demanded is unassailable. That being so, the point has not been presented for review, and

no opinion is expressed concerning it. For the error stated, the judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.